# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

BOYDD DEMETRIUS IRVING,

    Petitioner,

  vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

No. CIV S-05-1621-LKK-CMK-P

FINDINGS AND RECOMMENDATIONS

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), filed on August 15, 2005.

       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  In particular, the exhaustion of available state remedies is a jurisdictional prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v.

1  Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[1]  A petitioner can satisfy the exhaustion
2  requirement by providing the highest state court with a full and fair opportunity to consider all
3  claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S. 270, 276
4  (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  Upon review of the instant
5  petition, the court concludes that petitioner has not exhausted state court remedies as to any of
6  his claims.  Specifically, petitioner did not appeal to California's court of last resort or file any
7  state post-conviction petitions and/or motions.  Moreover, petitioner has not alleged that such
8  remedies are no longer available.

9  Based on the foregoing, the undersigned recommends that petitioner's petition for
10  a writ of habeas corpus be summarily dismissed for failure to exhaust state court remedies.

11  These findings and recommendations are submitted to the United States District
12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
13  after being served with these findings and recommendations, any party may file written
14  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
15  Findings and Recommendations."  Failure to file objections within the specified time may waive
16  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED:  December 9, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1]  A petitioner may, however, be denied on the merits without exhaustion of state court remedies.  See 28 U.S.C. § 2254(b)(2).